IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SITKA ENTERPRISES, INC.; BERRIOS &
LONGO, PSC; FERNANDO
LONGO-QUIÑONES

Plaintiffs-Appellants

vs                                                                    CIVIL 10-1847CCC

WILFREDO SEGARRA-MIRANDA

Defendant-Appellee

**OPINION AND ORDER**

The trustee of the estate of debtors José de Jesús-González and Nitxa García-Reyes filed on October 7, 2009 an amended complaint against debtors as defendants, their son and daughter and respective spouses, BDJ Limited Partnership, S.E., Berríos and Longo Law Offices, P.S.E. and Sitka Enterprises, Inc. and Fernando Longo-Quiñones, which primarily seeks to void allegedly fraudulent transfers of property of the debtors' estate under 11 U.S.C. § 548(a)(1) and 549(a)(1) & (2). The property is described in the amended complaint as a lot of land in Barceloneta, Puerto Rico, in which a shopping center was developed. The parties involved in the alleged fraudulent transfer, pre and post-petition, are the debtors, Berríos & Longo and Fernando Longo, a partner of that firm who is said to have had a long-standing relationship with debtors and with a family corporation. See Amended Complaint (docket entry 31 of Bankruptcy Record). The trustee requested that the transfer of the property be set aside and that a mortgage allegedly illegally created over said property be voided, as well as compensatory and punitive damages. The trustee also requested that the transfer of shares by debtors to their son and daughter be voided.

Before the Court is an Appeal filed by Sitka Enterprises, Inc., Berríos & Longo, P.S.C. and Fernando E. Longo from an Opinion and Order issued by the U.S. Bankruptcy Court for the District of Puerto Rico (docket entry 84 of Bankruptcy Record), denying defendant's

CIVIL 10-1847CCC                                           2

motion to dismiss for lack of jurisdiction.  Trustee/appellee concedes that although appellants did not file a Rule 8003(a) motion for leave to appeal, the Court can consider the Notice of Appeal which was timely filed as said motion for leave to appeal pursuant to Rule 8003(c).  Having considered the Notice of Appeal as a motion for leave to appeal, leave to appeal is GRANTED.

This brings us to the motion to dismiss the appeal as an interlocutory appeal filed on September 17, 2010 by the Trustee (**docket entry 2**).  The claim made is that the order denying the motion to dismiss for lack of jurisdiction is an interlocutory non-appealable order which fails to comply with the criteria of 28 U.S.C. § 1292(b).  However, this appeal turns on a controlling question of law recently decided by the Supreme Court of the United States in Stern v. Marshall, 131 S.Ct. 2594 (2011), decided on June 23, 2011, regarding the lack of constitutional authority of the Bankruptcy Court as a non-Article III court to adjudicate a trustee's action to recover a fraudulent conveyance characterized as an action involving private rather than public rights.

The Stern decision has its roots in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782 (1989).  There the Court rejected a bankruptcy trustee's argument that a fraudulent conveyance action filed on behalf of the bankruptcy estate against a creditor who has not submitted a proof of claim against the estate in the bankruptcy proceeding fell within the public rights exception which would allow its adjudication by a non-Article III court.  The question presented in Granfinanciera was "whether a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer."  Id., at p. 2787.  The Court held that the Seventh Amendment entitles such a person to a trial by jury, notwithstanding Congress' designation of fraudulent conveyance actions as core proceedings in 28 U.S.C. § 157(b)(2)(H)."  Id., at p. 2787.  Justice Brennan made repeated references in his analysis and resolution of this controversy within the ambit of the Seventh Amendment to the fact that

CIVIL 10-1847CCC                                          3

Congress' power to place adjudicative authority in non-Article III tribunals is limited. The Court expressly stated in Granfinanciera that "[i]n addition to our Seventh Amendment precedents, we therefore rely on our decisions exploring the restrictions Article III places on Congress' choice of adjudicative bodies to resolve disputes over statutory rights to determine whether petitioners are entitled to a jury trial." Id., at pp. 2796-2797. Expanding on the distinction between an action that involves public rights and one such as a fraudulent conveyance action which involves rights between private parties, the Court stated that:

> The crucial question, in cases not involving the federal Government, is whether "Congress, acting for a valid legislative purpose pursuant to its constitutional powers under Article I, [has] create[d] a seemingly 'private' right that is so closely integrated into a public regulatory scheme as to be a matter appropriate for agency resolution with limited involvement by the Article III judiciary."

Id., at p. 2797 (citations omitted).

It added that: "If a statutory right is not closely intertwined with a federal regulatory program Congress has power to enact, and if that right neither belongs to nor exists against the Federal Government, then it must be adjudicated by an Article III court." Id.

The Article III restrictions on Congress' assignment of adjudication of claims to non-Article III courts is clearly addressed in the following statement at p. 2796 of Granfinanciera:

> Indeed, our decisions point to the conclusion that, if a statutory cause of action is legal in nature, the question whether the Seventh Amendment permits Congress to assign its adjudication to a tribunal that does not employ juries as factifinders requires the same answer as the question whether Article III allows Congress to assign adjudication of that cause of action to a non-Article III tribunal. For if a statutory cause of action, such as respondent's right to recover a fraudulent conveyance under 11 U.S.C. § 548(a)(2) is not a "public right" for Article III purposes, then Congress may not assign its adjudication to a specialized non-Article III court lacking "the essential attributes of the judicial power."

It was precisely the concern over such a limitation - that Congress may not assign to a non-Article III court for adjudication an action that does not involve public rights - that led the Court to conclude in Stern v. Marshall, 131 S.Ct. 2594 (2011), a case involving a

CIVIL 10-1847CCC                                  4

counterclaim brought by the bankrupt against a creditor in her bankruptcy proceeding for tortious interference under Texas law that:

> The Bankruptcy Court in this case exercised the judicial power of the United States by entering final judgment on a common law tort claim, even though the judges of such courts enjoy neither tenure during good behavior nor salary protection. We conclude that, although the Bankruptcy Court had the statutory authority to enter judgment on Vickie's counterclaim, it lacked the constitutional authority to do so.

Stern, at p. 2601. Making extensive references to its decision in Granfinanciera, which had rejected the trustee's argument that a fraudulent conveyance action by a bankruptcy trustee fell within the public rights exception, the Court noted:

> We explained that, "[i]f a statutory right is not closely intertwined with a federal regulatory program Congress has power to enact, and if that right neither belongs to nor exists against the Federal Government, then it must be adjudicated by an Article III court." Id., at 54–55, 109 S.Ct. 2782. We reasoned that fraudulent conveyance suits were "quintessentially suits at common law that more nearly resemble state law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res." Id., at 56, 109 S.Ct. 2782. As a consequence, we concluded that fraudulent conveyance actions were "more accurately characterized as a private rather than a public right as we have used those terms in our Article III decisions."

Id., at p. 2614. At footnote 7, the Court stated outright that "Congress could not constitutionally assign resolution of the fraudulent conveyance action to a non-Article III court." Id.

Given this definitive finding by the Court in Stern, the resolution of the fraudulent conveyance action brought by the trustee in this case cannot be adjudicated by the Bankruptcy Court since it lacks constitutional authority to do so under the restrictions placed by Article III.

Accordingly, pursuant to the decision of the U.S. Supreme Court in Stern, the Court DENIES the motion to dismiss the appeal filed by the trustee (**docket entry 2**) and GRANTS the appeal of the order denying the motion to dismiss for lack of jurisdiction since the fraudulent conveyance action brought by the trustee cannot be adjudicated by the

CIVIL 10-1847CCC                                  5

Bankruptcy Court, a non-Article III court, for lack of constitutional authority to do so.  Such action, in compliance with Article III, must be adjudicated by the U.S. District Court.  The case is REMANDED to the Bankruptcy Court to proceed in conformity with this Order.

    SO ORDERED.

    At San Juan, Puerto Rico, on August 10, 2011.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge